**UNITED STATES of America,
Plaintiff,**

v.

**Henry G. CISNEROS, et
al., Defendants.**

**No. 97–CR–485 (SS).**

United States District Court,
District of Columbia.

Sept. 7, 1999.

Brendan Vincent Sullivan, Jr., Barry Steven Simon, Williams & Connolly, Washington, DC, Marcie Robin Ziegler, Washington, DC, for Henry G. Cisneros, defendant.

Mathew Stuart Rosengart, Mark Vincent Jackowski, Office of Independant Counsel, Washington, DC, for U.S.

### MEMORANDUM OPINION

SPORKIN, District Judge.

I know there will be some second guessing about this plea. There will be some who will say that the sanction is not tough enough and others who will say here is

more evidence of the Independent Counsel Act as not serving the public interest. When I was told of the disposition, my first impression was that it was too light. This was largely because I have to send young men and women to prison for incredibly long periods of time sometimes for merely possession of small amounts of a controlled substance. Another reason for my initial belief was the tremendous burdens this case placed on the court system. If every criminal prosecution taxed the court system the way this case did, the judiciary would need a budget that rivaled that of the Department of Defense. The case was instituted in December 1997. During the past two years, there have been numerous motions, a three week suppression hearing, the summoning of some 2500 prospective jurors along with an appeal to the Circuit Court of Appeals.

On more careful reflection, I came to the conclusion that this disposition, while maybe not perfect, is appropriate. Putting aside the taxing of the judiciary's resources in the short run, in the long term, the public interest is being served.

From the Independent Counsel's point of view, Mr. Barrett and his very able staff can now bring their work to a speedy conclusion. Some might say the many millions of dollars the Independent Counsel had to expend is not justified by the seemingly light sanction obtained. But that is not the true measure of success of one of these proceedings. Some commentators have said this case should not have been pursued. I do not agree with this view in any respect.

I want to take this opportunity to commend the parties for their fine work in this case and for the fair resolution they have reached. This plea agreement draws to a close, at last, a long and sometimes nasty saga in the private and public life of Henry Cisneros.

This case, at its core, concerns a unique defendant. From everything I know about him through this case, he is a decent human being. He spent a good part of his career as a public servant. He has performed every one of his public positions in commendable fashion.

It is unfortunate that the personal problems that plagued Mr. Cisneros' private life inevitably brought him under the sharp lens of public scrutiny. As the vetting process for Mr. Cisneros' cabinet appointment ran its complicated course, the private details of his past caught up with him, eventually rendering public what he and others clearly wanted and intended to keep private.

Many have been critical of the Office of Independent Counsel for pursuing this case, a case some thought was not worthy of the time and efforts of the OIC. I don't think that the OIC had much choice in the matter. The attorneys at the OIC had an obligation to maintain the integrity of their oath of office, and, in pursuing this matter, they did.

I want to state on the record that counsel for the government and counsel for Mr. Cisneros have performed their duties well. You were zealous advocates in your respective clients' interests. As a result of your extreme diligence and hard bargaining, this disposition has emerged.

Mr. Cisneros, I believe that you deeply regret the pain you have caused your loved ones and that you accept responsibility for the wrongdoing you committed against the American public. What you did was wrong. I know that you have learned from this experience and I hope that future public servants will learn from your ordeal.

I have carefully reviewed the plea agreement of Mr. Cisneros, and I am prepared to accept it on the terms agreed to by the OIC and Mr. Cisneros.

As I said in one of my opinions in this case, we cannot permit an individual to lie his way into high public office. This clearly would undermine our system of government and would be a tremendous set back for what it means when a person raises his

hand to tell the truth and then does not do so. The work of the Independent Counsel in this case reaffirms the importance of telling the truth.

Mr. Barrett has taken a great deal of criticism for doing nothing more than honoring a call to duty. He obtained no personal gain from his office. He and his outstanding staff have worked diligently, competently and above all in a highly professional manner. There have been no press conferences and the work he has performed has been first rate. I commend him and his staff for a job well done.

From Mr. Cisneros' point of view, he will also benefit from this disposition. I told my staff on a number of occasions that I could not see Mr. Cisneros going to trial in this case. He and his lawyers were too smart to subject Mr. Cisneros to the ordeal of sitting at the defendant's table for some ten weeks. While there are a number of persons who would not mind having a "this is your life" experience, I don't think anyone would want to see his or her life portrayed in public in an adversarial setting. By this disposition, Mr. Cisneros can end a terrible ordeal. Since the appointment of the Special Prosecutor, Mr. Cisneros has been investigated for a period of more than five years.

There is no evidence in this case that Mr. Cisneros in any respect compromised any of his public responsibilities. At all times, he has faithfully discharged the duties of his office.

Permit me just a few minutes to give you some general observations in which I usually refer to as my "home spun." After I have completed a major case, I always like to go over it to determine what lessons can be learned from the experience.

I really do not believe the so-called legal pundits got it right. There were a large number of the late night pontificators who said it was a mistake to have brought this case. I do not share that view. As I have already said you cannot permit someone to lie their way into public office.

While I do not believe the commentators had it right, there was something amiss in this case. The problem with this case is that it took too long to develop and much too long to bring to judgment day. Such a day is necessary in order to inject reality into the process. Good defense lawyers doing their job will often attempt to cause the proceedings to be interminable. If I can assign fault to this experience, it is that this case should have been resolved a long time ago, perhaps even years ago.

I cannot ascribe all of the blame to these very able counsel. Here is where I believe the process is largely at fault. What was needed here was some form of independent objective intervention. Someone who could have evaluated the case at an early stage and suggested an appropriate resolution. In the civil arena we have the mediation process which performs this role. Under Federal Rule of Criminal Procedure 11, such an effort is specifically precluded.

The reason for this provision is well founded. We do not want judges playing a role in bringing about coercive dispositions of criminal cases. Generally speaking, this is excellent public policy. However, experience teaches us that there is virtually always a need to make an exception with respect to even very good and sound rules. This is one case where I believe an exception to the rule could have proved extremely helpful. This is not rocket science. The case cried out for early resolution. Any knowledgeable impartial third party would have realized this was the fact and would have bridged the communication gap between prosecutor and defense counsel that often exists in cases like this. This is because in our adversarial system neither side wants to approach the other because to do so might be considered a sign of weakness in their case. So my parting words are simply to request a review of Rule 11 to allow for the exceptional case intervention by an impartial arbitrator to try to accelerate

the criminal process and bring it to a more speedy conclusion.

Having said all this and for all of the above reasons, I find the disposition is in the public interest and I find you, Mr. Cisneros, guilty of the charge and fine you $10,000 and impose a special assessment of $25.00.